**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| THE LIVING TRUST OF TRAVIS L. PARR, by and through its Trustee, TRAVIS L. PARR,<br><br>Plaintiff,<br><br>v.<br><br>CV HOLDINGS, LLC, ROBERT S. ABRAMS,<br><br>Defendants. | Civil Action No. _____<br><br>**<u>JURY TRIAL DEMANDED</u>** |

<u>**COMPLAINT**</u>

**COMES NOW** Plaintiff The Living Trust of Travis L. Parr, by and through its Trustee, Travis L. Parr, and undersigned counsel, and hereby files this Complaint against Defendants CV Holdings, LLC, et al., and Robert S. Abrams alleging as follows:

<u>**PARTIES**</u>

1. Plaintiff, The Living Trust of Travis L. Parr (hereinafter referred to as "Plaintiff"), is a Louisiana trust established by Travis L. Parr, who serves as its Trustee. Travis L. Parr brings this action in his capacity as Trustee of the Trust.

2. Defendant, CV Holdings, LLC (hereinafter referred to as "Defendant CV Holdings"), et al., is a foreign limited liability company with its principal place of business in Amsterdam, New York, which upon information and belief is authorized to conduct business in the State of Alabama.

3. Defendant, Robert S. Abrams (hereinafter referred to as "Defendant Abrams"), who at all relevant times, was a resident and citizen of the State of New York, and is over the age of nineteen (19) years.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists because Plaintiff is a citizen of Louisiana; Defendant Abrams is a citizen of New York; and Defendant CV Holdings, LLC, is a Delaware limited liability company whose principal place of business is in New York. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      This Court has personal jurisdiction over Defendants because they purposefully availed themselves of the privilege of conducting business within the State of Alabama, and a substantial portion of the events and transactions giving rise to Plaintiff's claims occurred in this State. Such activities include, without limitation, the operation of CV Holdings' business in Auburn, Alabama, the conduct of related business operations within Alabama, and the creation, administration, and exercise of contractual option rights arising from and connected to Defendants' Alabama business activities.

6.      Venue is proper in the Middle District of Alabama, pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to this action occurred in this District.

**FACTUAL BACKGROUND**

7.      Beginning in April 1989, Defendant Abrams entered into a written agreement with David Parr, Plaintiff's father, and two others, giving them twenty percent (20%) of the net proceeds from the sale of Abrams's business, including the operations that became CV Holdings, LLC, in Auburn, Alabama.

8.      On March 27, 2009, the parties formalized this arrangement in a written contract/agreement. Under the agreement, Defendant Abrams provided options on 977 common units of CV Holdings at $0.25 per share, expiring December 31, 2014, with the parties agreeing

that, for purposes of valuing any put of those options, interest would be calculated as accruing from January 1, 2003.

9.    Each holder had the right to put all or a portion of their options back to Defendant Abrams at fair market value as determined by the most recent completed transaction involving at least three percent (3%) of CV Holdings' equity. If no such transaction had occurred within the preceding twelve months, the put value was $1,125.00 per unit plus simple interest at seven percent (7%) per year from January 1, 2003, with no compounding. Defendant Abrams had 180 days to fund the put upon exercise.

10.    The 2009 Agreement further required Defendant Abrams to provide thirty (30) days' written notice to all option holders prior to any restructuring event, cash dividend, stock distribution, or other event that would incentivize early exercise of the options.

11.    On June 8, 2009, David Parr sent written notice to Defendant Abrams confirming the transfer of his 710 option units to his wife, Edith G. Parr, consistent with the transfer rights expressly provided under the 2009 Agreement. David Parr died in 2009. Edith Parr died in 2015. Plaintiff Travis L. Parr inherited 355 of the 710 units from his mother's estate and holds them through The Living Trust of Travis L. Parr.

12.    On May 24, 2017, Defendant Abrams sent a signed written letter to Travis Parr on CV Holdings, LLC, letterhead expressly confirming: (a) the 2009 Agreement had been extended by mutual agreement since December 21, 2014; (b) Travis Parr holds 355 units; (c) the implied value was $1,125.00 per unit; (d) interest at 7% per year has accrued since January 1, 2003; and (e) a transaction was anticipated between approximately August 1, 2017 and December 31, 2017. No payment was made following this acknowledgment.

13.     In April 2024, Travis Parr met with Defendant Abrams in Birmingham, Alabama, where Defendant Abrams again acknowledged the debt, personally guaranteed said debt, and agreed to pay over $1,000,000 to Plaintiff. On July 23, 2024, Defendant Abrams executed a written acknowledgment in his individual capacity confirming his personal agreement to pay to The Living Trust of Travis L. Parr "the sum of over $1,000,000 ($1 Million) dollars, for his exercise of 355 shares." Again, no payment followed.

14.     Defendants' Abrams and CV Holdings are liable for all obligations at issue under the executed agreements. In the alternative, should Defendant CV Holdings deny or seek to limit its liability, Defendant Abrams is personally liable on  multiple independent grounds: (a) he personally guaranteed the consulting payment obligations under the 2009 Agreement; (b) he executed the 2009 Agreement in his individual capacity in addition to his capacity as President of CV Holdings; (c) he executed the July 23, 2024, written agreement and the May 18, 2026, Promissory Note solely in his individual capacity; and (d) upon information and belief, Defendant Abrams has used CV Holdings as his alter ego, exercising complete dominion and control over the entity, commingling personal and corporate assets, and using the corporate form to avoid satisfying his personal obligations to Plaintiff.

15.     Moreover, Defendant Abrams failed to provide the thirty (30) days' written notice required under the 2009 Agreement prior to multiple restructuring events, including the January 2015 merger of Capitol Medical Devices, Inc., into SiO2 Medical Products; as well as, the October 2024 conversion of SiO2 Medical Products, Inc., to a limited liability company. Additional unreported restructuring events and equity transactions may have occurred and will be sought during the course of discovery. In 2015 a new company, funded by Defendant Abrams, was formed

as "Innovative Scientific Products." Defendant Abrams has been securing new funding and has solicited and has secured contracts for said business.

16.     Plaintiff is entitled to 355 units at the agreed/established call price, plus simple interest on said principal at the rate of seven percent (7%) per annum, together with all additional interest accruing thereafter until paid, and such other damages as may be established by the evidence and awarded by the Court.

## COUNT I
## BREACH OF CONTRACT

17.     Plaintiff re-alleges all prior paragraphs as if fully set forth herein.

18.     The above mentioned Agreements, executed by the Plaintiff and Defendant, constitute a valid and enforceable contract supported by adequate consideration. Plaintiff is the successor in interest to the option rights originally held by David Parr and later transferred through Edith G. Parr. The validity and continuing existence of those obligations were repeatedly acknowledged by Defendant Abrams, including in his May 24, 2017 written correspondence and his July 23, 2024 written acknowledgment.

19.     Plaintiff and his predecessors fully performed all obligations required under the parties' agreements.

20.     Defendants materially breached the parties' agreements by, among other things but not limited to: (a) failing to honor Plaintiff's option and put rights; (b) failing to pay sums due under the agreements; (c) failing to provide the contractually required notice of restructuring events affecting option value; (d) failing to satisfy the contractual obligations personally guaranteed by Defendant Abrams on July 23, 2024; and (e) failing to honor the parties' subsequent repayment agreement and acknowledgments of indebtedness.

21.    Importantly, in or about 2020/2021, Defendant Abrams paid-in-full the other two parties on the original agreement and the 2009 Options Agreement/Extension. However, and to date Defendant Abrams has failed to honor and pay the contract he has with the Plaintiff.

22.    As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered damages including, but not limited to, financial loss of the 355 units at the agreed/established call price, simple interest on said principal at the rate of seven percent (7%) per annum, plus all additional damages, attorney's fees as allowed by law or contract, costs of this proceeding, and such other relief as the Court deems just and proper.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest, all attorney's fees, and all other damages available to Plaintiff under Alabama law.

## COUNT II
## CONVERSION

23.    Plaintiff re-alleges all prior paragraphs as if fully set forth herein.

24.    By virtue of the exercised put option and Defendant Abrams's above-mentioned written acknowledgments, Plaintiff holds a specific and identifiable right to a sum certain from Defendants as memorialized in the corresponding contracts/agreements to include the 2026 Promissory Note, constituting a vested property right of The Living Trust of Travis L. Parr.

25.    Defendants have wrongfully assumed and exercised dominion and control over funds rightfully belonging to Plaintiff, retaining the option proceeds without payment and without lawful justification, in a manner inconsistent with and to the exclusion of Plaintiff's rights. Said conversion was intentional, wanton, and without the consent of Plaintiff. The property converted

and the amount owed are identifiable and capable of being identified, as evidenced by the Note and prior written acknowledgments executed by Defendant Abrams.

26.    As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered damages including, but not limited to, financial loss of the 355 units at the agreed/established call price, simple interest on said principal at the rate of seven percent (7%) per annum, plus all additional damages, attorney's fees as allowed by law or contract, costs of this proceeding, and such other relief as the Court deems just and proper.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest, all attorney's fees, and all other damages available to Plaintiff under Alabama law.

## COUNT III
## FRAUDULENT MISREPRESENTATION

27.    Plaintiff re-alleges all prior paragraphs as if fully set forth herein.

28.    Beginning no later than May 24, 2017, and continuing through the present, Defendant Abrams personally made numerous specific representations to Plaintiff regarding payment of the debt owed under the parties' option agreements and related obligations. These representations included but may not be limited to:

      a.  Defendant Abrams' May 24, 2017, written correspondence to Travis Parr, on CV Holdings, LLC, letterhead, wherein Defendant Abrams acknowledged Plaintiff's ownership of 355 units, confirmed the continuing validity of the option arrangement, represented the value of the units, and

7

advised that a transaction was anticipated between approximately August 1, 2017, and December 31, 2017, from which payment would be made;

b.  Defendant Abrams' statements during an in-person meeting with Plaintiff in Birmingham, Alabama, in or about April 2024, wherein Defendant Abrams acknowledged the debt and personally agreed to pay Plaintiff over $1,000,000.00;

c.  Defendant Abrams's July 23, 2024, written acknowledgment, executed in his individual capacity, personally guaranteeing to pay The Living Trust of Travis L. Parr the sum of over $1,000,000.00 for Plaintiff's exercise of 355 shares pursuant to the parties' option agreement; and

d.  Defendant Abrams's subsequent verbal representations during negotiations with Plaintiff in 2025 and 2026 where Defendant Abrams acknowledged said indebtedness would be repaid pursuant to a structured payment arrangement in exchange for Plaintiff's continued forbearance from filing suit.

29.  Each of the foregoing representations concerned existing obligations admittedly owed by Defendant Abrams and/or promises of future payment. Defendant Abrams made such representations directly to Plaintiff, either in writing or in person, for the purpose of inducing Plaintiff to refrain from pursuing available legal remedies and collection efforts.

30.  Upon information and belief, at the time Defendant Abrams made the foregoing representations and promises, he had no intention of performing them. Plaintiff alleges this based upon, among other things:

8

a. Defendant Abrams engaged in a continuing course of fraudulent representations regarding his intent and ability to satisfy the option, including but not limited to written acknowledgments dated May 24, 2017, July 23, 2024, and May 18, 2026, and repeated oral representations made directly to Plaintiff and his attorneys.

b. Defendant Abrams induced Plaintiff to delay legal action through successive promises of payment, yet repeatedly failed to perform after obtaining the requested forbearance;

c. Defendant Abrams paid-in-full and honored the contracts of the other two original investors, yet refused to pay Plaintiff;

d. Defendant Abrams failed to respond to formal demand letters sent over the years and certified letters dated August 1, 2025, and October 8, 2025, seeking payment and information regarding the debt; and

e. Defendant Abrams repeatedly represented that payment would occur following anticipated transactions or restructuring events, yet failed to remit any meaningful payment to Plaintiff after such events occurred.

31.     Defendant Abrams' long-term pattern of repeated acknowledgments, promises of payment, requests for additional time, and subsequent nonperformance demonstrates a present intent to induce reliance rather than an intent to satisfy the obligation.

32.     Plaintiff reasonably relied upon Defendant Abrams' representations and promises.

33.     As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered damages including, but not limited to, financial loss of the 355 units at the agreed/established call price, simple interest on said principal at the rate of seven percent (7%) per

annum, plus all additional damages, attorney's fees as allowed by law or contract, costs of this proceeding, and such other relief as the Court deems just and proper.

34. Defendant Abrams' conduct was intentional, willful, malicious, oppressive, and carried out with conscious disregard for Plaintiff's rights, thereby entitling Plaintiff to recover punitive damages under Alabama law.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest, all attorney's fees, and all other damages available to Plaintiff under Alabama law.

**COUNT IV**
**UNJUST ENRICHMENT**

35. The Plaintiff re-alleges all prior paragraphs as if fully set out herein.

36. Plaintiff and his predecessors conferred substantial benefits upon Defendant's, Abrams and CV Holdings, through consulting services, business development efforts, and continued forbearance from asserting legal rights.

37. Defendants knowingly accepted, retained, and benefited from those services and benefits while failing to provide the compensation promised or otherwise reasonably owed.

38. Plaintiff performed under the terms of the arrangement and at all times material hereto, Defendants were under a duty to compensate Plaintiff for the value of his options, and the value of all accrued interest.

39. As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered damages including, but not limited to, financial loss of the 355 units at the agreed/established call price, simple interest on said principal at the rate of seven percent (7%) per

annum, plus all additional damages, attorney's fees as allowed by law or contract, costs of this proceeding, and such other relief as the Court deems just and proper.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest, all attorney's fees, and all other damages available to Plaintiff under Alabama law.

## COUNT V
## PROMISSORY ESTOPPEL

40.    Plaintiff re-alleges all prior paragraphs as if fully set forth herein.

41.    Defendant Abrams repeatedly and unequivocally agreed, acknowledged, promised, and personally guaranteed that Plaintiff's option-related claims would be satisfied. Such is evidenced by the May 24, 2017, written acknowledgment, the 2020 repayment arrangement, the April 2024 discussions in Birmingham, Alabama, and the July 23, 2024 written acknowledgment.

42.    Defendants reasonably expected Plaintiff to rely upon those promises by refraining from filing suit and delaying other collection efforts. Plaintiff reasonably relied upon those promises and, in doing so, forewent available legal remedies to his detriment.

43.    As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered damages including, but not limited to, financial loss of the 355 units at the agreed/established call price, simple interest on said principal at the rate of seven percent (7%) per annum, plus all additional damages, attorney's fees as allowed by law or contract, costs of this proceeding, and such other relief as the Court deems just and proper.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount that exceeds the jurisdictional

11

minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest, all attorney's fees, and all other damages available to Plaintiff under Alabama law.

**COUNT VI**
**DERIVATIVE ACTION: BREACH OF FIDUCIARY DUTY**
**(as to Defendant Abrams)**

44.     The Plaintiff re-alleges all prior paragraphs as if fully set out herein.

45.     Plaintiff holds option and put rights in CV Holdings, LLC, and brings this derivative count on behalf of CV Holdings pursuant to Federal Rule of Civil Procedure 23.1. President and controlling member of CV Holdings, Defendant Abrams owes fiduciary duties of loyalty and care to the company and its stakeholders, including option holders such as Plaintiff.

46.     Defendant Abrams has breached his fiduciary duties to CV Holdings by:

(a) diverting assets and opportunities of CV Holdings to avoid satisfying its obligations to Plaintiff;

(b) failing to maintain adequate assets to satisfy lawful option obligations;

(c) causing CV Holdings to undergo restructuring events without providing the required notice to option holders; and

(d) using CV Holdings, et al, as an instrumentality to avoid his personal obligations to Plaintiff.

47.     Demand upon CV Holdings to bring this action is excused as futile: Defendant Abrams is the controlling member and sole decision-maker of CV Holdings, et al, and is the very party against whom the derivative claims are asserted.

48.     As a direct and proximate result of Defendants' actions and/or omissions, Plaintiff has suffered damages including, but not limited to, financial loss of the 355 units at the

12

agreed/established call price, simple interest on said principal at the rate of seven percent (7%) per annum, plus all additional damages, attorney's fees as allowed by law or contract, costs of this proceeding, and such other relief as the Court deems just and proper.

**WHEREFORE THE ABOVE PREMISES CONSIDERED**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount that exceeds the jurisdictional minimum of this Court and which the fact finder may determine, including compensatory and punitive damages, plus interest, attorney's fees, and all other damages available to Plaintiff under Alabama law.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays for judgment as follows:

A.      For an award of compensatory damages in an amount to be determined by the finder of fact, including, but not limited to, the agreed/established call price of Plaintiff's 355 units, together with accrued interest thereon at the contractual rate of seven percent (7%) per annum and continuing to the date of judgment, together with any post-judgment interest as provided by applicable law;

B.      For an award of punitive damages against Defendants for their intentional, willful, and wanton conduct in fraudulently inducing Plaintiff to forego available legal remedies through repeated promises of payment made without intent to perform;

C.      For any equitable relief, to include but not limited to, an accounting of all restructuring events, equity transactions, and distributions occurring within CV Holdings, LLC, et al and its related entities from 2009 to present, to determine the full extent of Plaintiff's damages resulting from Defendants' failure to provide required notice;

D.      For pre-judgment and post-judgment interest on all amounts awarded, as allowed

by Alabama law;

     E.     For an award of all attorney's fees and costs of this proceeding, as allowed by law;

and

     F.     For such other and further relief as this Court may deem just and proper.

     **RESPECTFULLY** SUBMITTED THIS THE 16TH DAY OF JULY, 2026.

By:    */s/ Harold W. Coker, III*
        **HAROLD W. COKER, III** (COK007)
        Counsel for Plaintiff

OF COUNSEL:
**HAWTHORNE | ATCHISON | RIDDLE**
124 W. Main Street, Suite 300
Prattville, Alabama 36067
334.356-3239 (phone)
334.356-3241 (fax)
hal@HARlegal.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

**PLEASE SERVE DEFENDANT BY CERTIFIED U.S. MAIL**

CV Holdings, LLC
1030 Riverfront Center
Amsterdam, NY 12010

Robert S. Abrams
875 5th Avenue, Apt. 17C
New York, New York 10065
2250 Riley Street
Auburn, AL 36830

     */s/ Harold W. Coker, III*
     OF COUNSEL